UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF TULARE, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00557-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>**ORDER DENYING MOTIONS FOR IMMEDIATE SETTLEMENT CONFERENCE**<br><br>(Docs. 1, 4, 7, 9)<br><br>**21-DAY DEADLINE** |

## I.     INTRODUCTION

**A.     Background**

On April 1, 2021, Plaintiff Michael Alan Yocom ("Plaintiff"), a state prisoner proceeding *pro se*, filed a civil rights complaint against the County of Tulare, the City of Porterville, Deputy Mathew Douglas Reuter of the Tulare County Sheriff's Department, and Officer Bruce Sokoloff of the Porterville Police Department (collectively, "Defendants"). (Doc. 1 ("Compl.").) On April 16, 2021, Plaintiff filed a motion for "immediate settlement hearings or talks." (Doc. 4.) On that same date, Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on April 20, 2021. (Docs. 3 & 5.)

On May 14, 2021, Plaintiff filed a second motion for an immediate settlement conference. (Doc. 7.) On June 25, 2021, Plaintiff filed "emergency demands" for the Court to immediately screen his complaint and order a settlement conference. (Doc. 9). This proceeding was referred to

1 the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff's complaint is now before the Court for screening. The undersigned finds that Plaintiff has not stated a cognizable claim and will recommend that this action be dismissed, without leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff's motions for an immediate settlement conference will be denied as moot.

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C. Summary of the Complaint

Plaintiff alleges that, on August 28, 2016, Deputy Reuter of the Tulare County Sheriff's Department "attempted to murder" Plaintiff during an arrest by striking him with a baton multiple times and firing eleven shots at him, permanently impairing both of Plaintiff's arms. (Compl. at 3.) Based on these events, Plaintiff alleges that Deputy Reuter "unlawfully seized" Plaintiff and used excessive force in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution. (*Id.*) Plaintiff further alleges that Deputy Reuter was neither properly

trained or supervised, nor properly equipped with a nonlethal taser. (*Id.*) Plaintiff claims that Defendants "falsely and unlawfully justified the force used and seizure and literally conspired and framed [Plaintiff] for crime[.]" (*Id.*)

Plaintiff also asserts claims of "kidnap—false imprisonment" and "kangaroo court." (Compl. at 4.) He alleges that, after the shooting, the County of Tulare and the Tulare County Sheriff's Department "maintained" unlawful detention of Plaintiff by transporting him to a hospital in Fresno County, outside of the Sheriff's Department's jurisdiction. (*Id.*) "[W]ithout actual authority," the City of Porterville and unnamed officers investigated the shooting "out of their jurisdictions." (*Id.*) Furthermore, Officer Sokoloff of the Porterville Police Department and other officers violated Plaintiff's constitutional rights by "tamper[ing] with witnesses and evidence[.]" (*Id.*) According to Plaintiff, no officer ever "testif[ied] in a court of law to a lawful seiz[ure][,] investigations[,] and chain of custody of any alleged evidence to support the foundations for a lawful seiz[ure]." (*Id.*) As a result, Plaintiff asserts that he was "kidnap[ped]," "false[ly] imprisoned," and "framed," and his injury is that he is currently serving a 40-year-to-life sentence. (*Id.*) Plaintiff alleges that his "unreasonable seizure" violated his rights under the Fourth, Sixth, and Fourteenth Amendments. (*Id.*)

Finally, Plaintiff asserts a claim for cruel and unusual punishment and torture under the Eighth Amendment. (Compl. at 5.) Plaintiff alleges that medical providers at Corizon Jail, where he was detained prior to his trial, were "deliberately indifferent" to his gunshot wounds after the shooting, and Plaintiff was "literally tortured to a state of imminent death and to terminal illness[.]" (*Id.*) Plaintiff also alleges he was assaulted multiple times with excessive force by unnamed jail deputies and that he was "unjustifiably segregated without the right to redress grievances." (*Id.*)

In the "Request for Relief" section of the complaint form, Plaintiff writes that he "is suing all Defendants in their individual and official capacities in an unlimited civil rights lawsuit," and he asks for "an immediate emergency settlement conference or court hearing." (Compl. at 6.) Plaintiff also requests that this case be consolidated with his civil rights action in *Yocom v. Allison*, No. 2:20–cv–02467–KLM–AC, which is proceeding in the Sacramento Division of the United States District Court for the Eastern District of California. (Compl. at 6.)

3

### D. Pleading Requirements Under Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II. DISCUSSION

### A. Plaintiff's Claims Arising from the August 2016 Shooting Are Barred

#### 1. Statute of Limitations

"A claim can be dismissed for failure to state a valid claim when a violation of the limitations

period is evident from the face of the complaint." *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 591 (E.D. Cal. 2008) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)); *accord Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Section 1983 does not contain a specific statute of limitations, but "federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007)).

Federal civil rights claims are best characterized as personal injury actions, which are subject to California's two-year statute of limitations along with any applicable tolling. *Thompson v. City of Shasta Lake*, 314 F. Supp. 2d 1017, 1023 (E.D. Cal. 2004) ("[T]he Ninth Circuit has repeatedly held that the applicable limitations period for § 1983 actions is contained in the general personal injury statute."); *Garrison v. Bautista*, No. 2:13–cv–0479–JAM–KJN, 2015 WL 9268691, at *1 (E.D. Cal. Dec. 21, 2015) ("Under California law, as of January 1, 2003, the generally-applicable statute of limitations in personal injury actions is two years.") (citing Cal. Code Civ. P. § 335.1). As explained below, Plaintiff's claims arising out of the August 2016 shooting are time-barred.

### a. California Code of Civil Procedure Section 352.1

Under California Code of Civil Procedure section 352.1, the statute of limitations is tolled, for a maximum of two years, if a person "is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life[.]" Cal. Code Civ. P. § 352.1(a). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir. 2001).

Plaintiff's complaint alleges claims and injuries arising from Deputy Reuter's use of force against Plaintiff on August 28, 2016. (Compl. at 3, 4, 5.) Even assuming Plaintiff is entitled to tolling under California law, his deadline to file a claim based on those events was August 28, 2020. Plaintiff's instant complaint, however, was filed on April 1, 2021—over seven months after the statute of limitations expired.

5

### b. California Government Code Section 945.3

"[T]he statute of limitations may be tolled under Cal. Gov't Code § 945.3, which prevents civil actions against peace officers from being filed while criminal charges are pending and tolls the statute of limitations on civil actions until the criminal charges are resolved." *Bates v. Del Valle*, No. 2:19–CV–07495–GW-JDE, 2019 WL 8883340, at *4 (C.D. Cal. Dec. 30, 2019) (citing *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989)), *report and recommendation approved*, No. 219CV07495GWJDE, 2021 WL 39627 (C.D. Cal. Jan. 4, 2021). California Government Code section 945.3 provides, in relevant part:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court. [¶] Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Cal. Gov't Code § 945.3.

"Although section 945.3's prohibition on civil actions should not bar a party from bringing a section 1983 action while state criminal charges are pending, it does not necessarily follow that the one-year statute of limitation for section 1983 actions should not be tolled by the tolling rule expressed in section 945.3." *Harding*, 889 F.2d at 908. "Under [section 945.3], 'criminal charges are "pending" until the date of judgment.'" *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997) (quoting *McAlpine v. Superior Court*, 209 Cal. App. 3d 1, 3 (Cal. Ct. App. 1989)). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam) (citing *Berman v. United States*, 302 U.S. 211, 212 (1937)).

Criminal proceedings against Plaintiff related to his August 2016 arrest concluded on May 18, 2018, the date of his sentencing.[1] *See Yocom v. Attorney General*, No. 1:20–cv–01141–DAD–SAB, Doc. 1; *People v. Yocom*, No. F077786, 2020 WL 5939771, at *10 (Cal. Ct. App. Oct. 7,

---

[1] Pursuant to Fed. R. Evid. 201, courts may take judicial notice of the existence of court filings and another court's orders. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

2020), *review denied* (Dec. 30, 2020). Again, even affording Plaintiff tolling while the criminal proceedings were pending—thereby extending the deadline to May 18, 2020—Plaintiff's complaint is still untimely, as it was filed on April 1, 2021.

### c. Equitable Tolling

"Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003)). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation marks and citation omitted).

Here, the undersigned finds that Plaintiff is not entitled to equitable tolling, as over four years have now elapsed since the alleged events occurred in August 2016. Plaintiff's allegations indicate he was present at the events upon which his claims are based and knew of his injuries at the time they occurred, and Plaintiff has not alleged any facts indicating that he is entitled to equitable tolling.

### 2. *Heck v. Humphrey*

Under *Heck v. Humphrey*, 512 U.S. 477 (1944), a state prisoner cannot recover damages in a section 1983 suit if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 486–87. It is unclear from the face of the complaint whether Plaintiff is seeking damages, as Plaintiff merely states that he is suing all Defendants "in an unlimited civil rights lawsuit" in his request for relief. (Compl. at 6.) Assuming that Plaintiff is seeking damages, Plaintiff's allegations against Defendants under "Claim II" clearly imply that his conviction and resulting custody are invalid as the result of Defendants' actions in his allegedly unlawful arrest. (*See* Compl. at 3, 4 (claims for "unreasonable seizure," "kidnap—false imprisonment," and "kangaroo court").) Plaintiff may not seek damages under section 1983 unless

7

1 his conviction or sentence has been declared invalid by a state court or a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486–87. Relief on those claims is therefore barred.[2]

In addition, to the extent that Plaintiff is challenging his incarceration (*see* Compl. at 4 (injury described as "40 years to life with parole and 4 ½ years served")), Plaintiff may not seek release from custody in a section 1983 action; he may only seek release in federal court by filing a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

### B. Plaintiff's Complaint Raises Unrelated Claims

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief to "join, as independent or alternative claims, as many claims as it has against an opposing party." A plaintiff may bring claims against more than one defendant only if (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2); *see Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). "[U]nrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12–CV–02074–DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (*citing George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In his complaint, under "Claim III," Plaintiff asserts claims related to medical treatment he received after he was shot in August 2016, and claims related to his pretrial detainment, all against defendants who are not named in the case caption or the "Defendants" section of the complaint form. (Compl. at 5.) At the end of his statement of his claims, Plaintiff includes the following date range: "09-07-2016 to June 5th, 2018." (*Id.*) Although it is unclear what events occurred on which dates, it is apparent that Plaintiff's myriad claims do not arise from the same transaction, occurrence, or series of transactions and occurrences in which all defendants were involved. Plaintiff cannot

---

[2] Plaintiff's section 1983 claim for excessive force, however, is not barred by *Heck* because that claim does not "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486–87; *see Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that *Heck* doctrine did not bar state prisoner's section 1983 claim for excessive force during his arrest).

bring unrelated claims against multiple defendants in one action.

### C. Leave to Amend Would Be Futile

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). If, however, it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez*, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Here, it is clear from the face of the complaint that Plaintiff's claims arising from the August 2016 shooting are barred by the statute of limitations and the *Heck* doctrine, and Plaintiff asserts claims unrelated to the shooting that cannot be brought in the same action. No additional facts consistent with this pleading would cure such a deficiency. Thus, the undersigned recommends denying leave to amend because amendment would be futile.

### D. Plaintiff's Motions for a Settlement Conference and for Consolidation

Because none of Plaintiff's claims are cognizable, and the undersigned is recommending dismissal of the action, there is no need for a settlement conference. Accordingly, Plaintiff's motions for an immediate settlement conference, (Docs. 4, 7, 9), will be denied as moot.

Plaintiff also requests that this case be consolidated with his civil rights action in *Yocom v. Allison*, No. 2:20–cv–02467–KLM–AC, which is proceeding in the Sacramento Division of the United States District Court for the District of California, because the claims in both cases "directly relate with each other." (Compl. at 6.) On January 21, 2021, the assigned magistrate judge in the Sacramento case issued Findings and Recommendations that the action be dismissed for failure to state a claim upon which relief may be granted. *Yocom v. Allison*, No. 2:20–cv–02467–KLM–AC, Doc. 9.

Rule 42 of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court *may* . . . consolidate the actions; or . . . issue

any other order to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)–(3) (emphasis added). In light of the recommendations of dismissal for failure to state a claim in both actions, consolidation at this stage will not serve any purpose. Accordingly, the undersigned will recommend that Plaintiff's request to consolidate be denied.

### III. CONCLUSION, RECOMMENDATIONS, AND ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's request to consolidate this action with *Yocom v. Allison*, No. 2:20–cv–02467–KLM–AC, be denied; and

2. This action be dismissed for failure to state a claim, without leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendations**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Further, it is HEREBY ORDERED that Plaintiff's motions for an immediate settlement conference, (Docs. 4, 7, 9), be DENIED as moot.

IT IS SO ORDERED.

Dated: __**July 9, 2021**__               /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE