UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE, et al.,<br><br>    Defendants. | No. 1:21-cv-00557-NONE-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>(Doc. No. 10) |

On April 1, 2021, plaintiff Michael Alan Yocom, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint against defendants County of Tulare, City of Porterville, Tulare County Sheriff's Deputy Mathew Douglas Reuter, and Porterville Police Officer Bruce Sokoloff. (Doc. No. 1.) On April 16, 2021, plaintiff filed a motion for "immediate settlement hearings or talks." (Doc. No. 4.) On May 14, 2021, plaintiff filed a second motion requesting an immediate settlement conference. (Doc. No. 7.) On June 25, 2021, plaintiff filed "emergency demands" for the court to immediately screen his complaint and order that the parties participate in a settlement conference. (Doc. No. 9).

On July 12, 2021, the assigned magistrate judge issued findings and a recommendation that plaintiff's complaint be dismissed for failure to state a claim, in addition to an order denying plaintiff's motions for an immediate settlement conference as moot. (Doc. No. 10.) The magistrate judge found that plaintiff's complaint alleged unrelated claims that cannot be brought

1  in the same action and that some of plaintiff's claims are barred by the statute of limitations and
2  under *Heck v. Humphrey*, 512 U.S. 477 (1944).  The findings and recommendation were served on
3  plaintiff and contained notice that any objections thereto were due within twenty-one days.  (*See*
4  *id.*)  On July 28, 2021, plaintiff filed timely objections.  (Doc. No. 11.)

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds that the findings and recommendation are supported by the record and proper analysis.  Among other things, plaintiff's objections indicate that he previously litigated some of the same (or at least essentially similar) claims in an earlier lawsuit he brought in this court, No. 1:17-cv-01643-AWI-SAB, which was dismissed without prejudice as a sanction due to plaintiff filing a fraudulent certification in support of an application to proceed in forma pauperis.  To the extent plaintiff suggests that this earlier lawsuit tolled the statute of limitations applicable to his claims, he is incorrect.  *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1109 (9th Cir. 2006) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the . . . limitations period."); *Wood v. Elling Corporation*, 20 Cal. 3d 353, 359 (1977) (absent a statute, a litigant is not entitled to tolling for the pendency of an action subsequently dismissed without prejudice).

      Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation issued July 12, 2021 (Doc. No. 10), are ADOPTED IN FULL;
2. This action is dismissed with prejudice; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 22, 2021**              /s/ Dale A. Drozd
                                                          UNITED STATES DISTRICT JUDGE